IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHANIE HEARD & AMOS HEARD, | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 3:23-CV-2222-K |
| v. | § § | |
| STATE FARM LLOYDS, | § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Opposed Motion for Leave to File First Amended Complaint (the "Motion") (Doc. No. 16). Plaintiffs move the Court to amend their Original Petition (the "Petition"), filed in state court, that is the operative pleading. *See* Doc. No. 1-3 at 9-27. Defendant filed a Response in opposition (the "Response") (Doc. Nos. 18 & 19) to this requested relief. Plaintiffs did not file a reply and the time to do so has long passed. The Court has carefully considered the Motion, the Response, the relevant portions of the record, and the applicable law. For the following reasons, the Court **GRANTS** the Motion. However, the Court also **GRANTS** Defendant's request to sever the claims.

I.   **Background**

The Court recites only the background that is relevant to the determination of this Motion. Further, all record citations herein are to the CM/ECF-assigned page number.

In their Petition, Plaintiffs allege Defendant issued a policy, Policy number 43EMK7947(the "Policy") which covered the property located at 725 Winston St., Dallas, Texas 75208 (the "Property"). Plaintiffs then allege that, "[o]n or about *November 10, 2021*, The Property sustained serious structural damages as a result of a covered loss under The Policy." Doc. No. 1-3 at 12 (emphasis added). Plaintiffs allege the damage resulted from "Winter Storm Uri". *Id.* Plaintiffs further allege that they "made a claim and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy" and allege the specific "subject claim number is 43-29C4-17J [the "November 2021 Claim"]." *Id.* Absent the single reference to Winter Storm Uri, the remainder of Plaintiffs' factual allegations do not identify, refer to, or otherwise specify another date of loss or claim number. *See generally id.* at 12-19. Plaintiffs' factual allegations regarding the damage to the Property, the actions/omissions of Defendant, and their loss are not specific to a specific event, or even type of event, that allegedly resulted in their Policy Claim 43-29C4-17J. *Id.* (The Court is not commenting on the sufficiency of Plaintiffs' allegations in their Petition nor is the Court suggesting the Petition fails to satisfy the applicable pleading

standard.)  Defendant filed a general denial in state court prior to removing the case. Doc. No. 1-3 at 34-36.

After the case was removed to this Court, the parties filed their Joint Report (Doc. No. 10) as ordered by the Court (Doc. No. 4).  In their Joint Report, the parties aver that "[t]his lawsuit arises out of an insurance claim submitted by Plaintiffs to State Farm Lloyds for alleged damage from a water break due to a winter storm that occurred on or about February 19, 2021."  Doc. No. 10 at 2.  In a footnote to this statement, Plaintiffs make the following statement:

> Plaintiffs mistakenly cited to a claim number and date of loss for a subsequent hail damage claim submitted by Plaintiffs in their Petition. The parties' counsel have conferred on this issue and confirmed that the suit at issue in this lawsuit is Claim No. 43-16W7-10T, with a date of loss of February 19, 2021. Plaintiffs anticipate filing an amended complaint reflecting the corrected claim number and date of loss.

*Id.* at n.1.  The Joint Report was filed on October 23, 2023.

For reasons unknown to the Court, Plaintiffs waited four months before filing this Motion for leave to amend.  Plaintiffs' proposed amended Complaint adds the "corrected claim number and date of loss" for their alleged Property damage resulting from Winter Storm Uri and the factual allegations related thereto which form an additional basis for their causes of action.  *See, e.g.*, Doc. No. 16-1 at 2.  However, Plaintiffs' proposed amended pleading keeps the "mistaken" November 2021 Claim number and date of loss as a basis and seeks to add new supporting factual allegations. *See, e.g., id.* at 3.

Then, three days later, Defendant moved for leave to file an amended answer to Plaintiffs' Petition, which was unopposed by Plaintiffs. Doc. No. 17. The Court granted Defendant's motion and its Amended Answer was then filed. Doc. No. 22. In answering Plaintiffs' Petition, Defendant specifically admits the following:

> 5.3. As to Paragraph 5.3 of Plaintiffs' Original Petition, Defendant admits that Plaintiffs submitted a claim to Defendant under the Policy on February 25, 2021 for a reported date of loss of February 19, 2021 for damage allegedly sustained to Plaintiffs' property, and that Defendant assigned claim number 43-16W7-10T. Defendant otherwise denies the allegations in Paragraph 5.3.

*Id.* at 3-4. To be clear, Plaintiffs' Petition is their live pleading and Defendant's Amended Answer, which admits to a claim and date of loss not before the Court, is its live responsive pleading.

The parties' deadline to complete discovery ran on July 5, 2024. Further, Defendant timely filed a motion for summary judgment (Doc. No. 31), which is currently pending before the Court. Defendant moves for summary judgment on all causes of action as arising under Plaintiffs' Policy claim for alleged damage sustained as the result of a loss on February 19, 2021 (the "February 2021 Claim"), which, again, are not the factual allegations in the Petition that is currently before the Court.

On reviewing the record in considering the pending motion for summary judgment, the Court realized Plaintiffs' Motion has not yet been decided. And, to-date, neither party has alerted the Court to this fact. Although Plaintiffs' pleading was never amended, the parties proceeded to litigate only the February 2021 Claim. *See, e.g.*, Doc. No. 19 at 1-2.

## II. Analysis

Plaintiffs filed this Motion before the Scheduling Order deadline to amend pleadings expired, *see* Doc. No. 11 at 2, ¶ 6; therefore, the Court applies the standard set forth in Federal Rule of Civil Procedure 15 in deciding whether to grant leave to amend. A district "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). This language "evinces a bias in favor of granting leave to amend", but "leave to amend is by no means automatic." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations and citations omitted); *accord Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017). In making its determination, the district court considers certain factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Body by Cook*, 869 F.3d at 391 (internal quotations and citation omitted); *accord Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). "Unless the non-moving party can show one of these factors, leave should be freely given." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 753 (N.D. Tex. 2015)(Lynn, J.) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

Because Plaintiffs filed the Motion before the deadline to amend pleadings ran, there is a presumption of timeliness. *See Greco*, 116 F. Supp. 3d at 755 ("[M]any courts have explained that there is presumption of timeliness when a party moves for leave to amend before a court-ordered deadline in a Scheduling Order.") (internal citations

5

omitted). This is Plaintiffs' first amended complaint and there is no indication the proposed amendments are futile. Moreover, the record here does not suggest, and Defendant does not show, any undue delay, bad faith, or dilatory motive on Plaintiffs' part. Although the deadline to complete discovery and to file dispositive motions have run, Defendant has had sufficient notice of these claims.

In its Response, Defendant argues that Plaintiffs "seek to add a whole new lawsuit based on entirely separate facts and documents to this current suit". Doc. No. 19 at 1. Defendant urges that, although there was "some initial confusion as to which insurance claim this suit arose out of", Plaintiffs "clarified" in the parties' Joint Report that the February 2021 Claim gave rise to their causes of action. *Id.* Because the parties proceeded to litigate as to the February 2021 Claim only, Defendant maintains that Plaintiffs' proposed amended complaint will "require returning to square one" by the "addition" of this new claim and, so, Defendant is opposed. *Id.* at 3.

Plaintiffs alleged the "wrong" Policy Claim as the basis for their suit. Instead of promptly moving to amend and correct this, Plaintiffs sat around for four more months after notifying the Court of this realization. To further complicate matters, the parties unilaterally decided to pursue discovery, experts, etc., only as to the February 2021 Claim, even though Plaintiffs had not been granted leave to amend. While the Court acknowledges the standing requirement that parties do not call about the status of a pending motion, this specific situation surely begs for one or both parties to bring this pending motion to the Court's attention. Defendant cannot in good faith claim any

6

surprise or assert that the November 2021 Claim itself is a "new" claim. (The Court acknowledges that Plaintiffs add a few factual allegations regarding the November 2021 Claim to their proposed amended complaint.)  To be sure, the November 2021 Claim is the only basis for Plaintiffs' causes of action against Defendant that is before the Court on Plaintiffs' live pleading. It is the February 2021 Claim that is the "new" claim, and there can be no surprise or prejudice when this is the only claim the parties have litigated thus far. *See Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997) ("[T]he touchstone of the inquiry under rule 15(a) is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint.").

This situation is the parties' doing and the Court is beyond frustrated.  To realize the parties conducted discovery solely on a factual basis not before the Court and that Defendant then moved for summary judgment on that same basis all the while ignoring the only Policy claim giving rise to Plaintiffs' causes of action that is before the Court— this is quite frankly beyond the pale.

Having considered the relevant factors, the Court finds that none are present and, thus, leave should be freely given as required by Rule 15(a). *See Rosenzweig*, 332 F.3d at 864.  Because there is no "substantial reason" to deny leave to amend, the Court **GRANTS** Plaintiffs' Motion. *See EMC Corp.*, 393 F.3d at 595.

The Clerk is **DIRECTED** to file Plaintiff's First Amended Original Complaint, submitted as Doc. No. 16-1, **as of March 1, 2024**.

7

In light of the (unbelievable) posture of this case, the Court **GRANTS** Defendant's request to sever these claims.  Plaintiffs' causes of action arising from their November 10, 2021 Claim shall be **SEVERED** into a new action.  Although this claim is the original (and only) claim asserted in the Petition, the Court believes it is more reasonable to sever this claim into a new action in light of the procedural history of this case.  Accordingly, <u>**the Clerk is DIRECTED, to sever the Amended Complaint out into Case Number 3:25-cv-0200-K as of the date of this Order**</u>.  Defendant SHALL file an answer to Plaintiffs' Amended Complaint <u>as to the February 2021 Claim only</u> in Case Number 3:23-CV-2222-K **within 21 days of this Order**.  Defendant SHALL also file an answer or otherwise respond to Plaintiff's Amended Complaint <u>as to the November 2021 Claim</u> in Case Number 3:25-CV-0200-K **within 21 days of the date of this Order**.  <u>**There will be no extensions of this deadline.**</u>

    **SO ORDERED.**

Signed January 27th, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE